COPY

Law Offices of Scott Z. Zimmermann
Scott Z. Zimmermann, Bar No. 78694
szimm@zkcf.com
601 S. Figueroa Street, Suite 2610
Los Angeles, California 90017
Telephone: (213) 452-6509
Facsimile: (213) 622-2171

FILED

2013 NOV 13  PH 2: 56

CENTRAL DISTRICT
CENTRAL. DIST.

BY _____

Payne & Fears LLP
C. Darryl Cordero, Bar No. 126689
cdc@paynefears.com
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone: (213) 439-9911
Facsimile: (213) 439-9922

Attorneys for Plaintiff Edward Simon, DC,
and for all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SIMON, DC, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HYLAND'S INC., a California corporation, <br><br> Defendant. | Case No. CV 2:13-7892 ABC (VBKx) <br><br> **Judge Audrey B. Collins** <br><br> **CLASS ACTION** <br><br> **First Amended Complaint for:** <br><br> 1. **Violations of the Junk Fax Prevention Act (47 U.S.C. § 227 and 47 C.F.R. § 64.1200);** <br><br> 2. **Violations of Cal. Bus. & Professions Code § 17538.43(b)** <br><br> **Demand for Jury Trial; Exhibit** |

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1   Plaintiff Edward Simon, DC ("Plaintiff"), on behalf of himself and all other

2   similarly situated, brings this action on behalf of himself, and all others similarly

3   situated, hereby sues defendant Hyland's, Inc. ("Hyland's" or "Defendant"), and

4   avers:

5

6                                    **Introduction**

7

8        1.    More than two decades ago the Telephone Consumer Protection Act of

9   1991, 47 U.S.C. § 227 ("TCPA") was enacted into law.  The law responded to

10  countless complaints by American consumers and businesses about the cost,

11  disruption and nuisance imposed by junk faxes.  The law prohibited the transmission

12  of facsimile advertising without the prior permission of the recipient.  Despite its

13  passage, consumers and businesses continued to be besieged with junk faxes.  In

14  2005 Congress responded by strengthening the law through the Junk Fax Prevention

15  Act of 2005 ("JFPA" or the "Act").  As amended, the Act requires an advertiser to

16  include on its faxed advertisements a clear and conspicuous notice that discloses to

17  recipients their right to stop future faxes and explains how to exercise that right.

18

19       2.    Plaintiff brings this class action to recover damages for and to enjoin

20  junk faxing by Hyland's in violation of the JFPA and the regulations of the Federal

21  Communications Commission ("FCC") promulgated under the JFPA.  Hyland's has,

22  commencing within four years preceding the filing of this action, blasted junk faxes

23  in violation of the JFPA and FCC regulations.  Defendant's violations include, but

24  are not limited to, the facsimile transmission of an advertisement on April 24, 2013,

25  sent to Plaintiff's telephone facsimile machine via Plaintiff's facsimile telephone

26  number, true and correct copy of which advertisement is attached as Exhibit 1.

27

28

-2-

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1    3.    **Jurisdiction, Standing and Venue.**  Plaintiff commenced this action

2  on September 20, 2013, in the Los Angeles County Superior Court.  On October 25,

3  2013, Hyland's removed the action to this Court.  This Court has subject matter

4  jurisdiction over this action by operation of 28 U.S.C. § 1331 because this action

5  arises under the laws of the United States.  *See Mims v. Arrow Fin. Servs., LLC*, 132

6  S. Ct. 740, 747, 1818 L. Ed. 2d 881 (2012).  Plaintiff has standing to seek relief in

7  this Court because § (b)(3) of the Act authorizes commencement of an action to

8  obtain statutory damages in the minimum amount of $500 for each violation of the

9  JFPA and/or FCC regulations, to obtain injunctive relief, or for both such actions.

10  Plaintiff also has standing under California Business & Professions Code

11  §17538.43 to obtain statutory damages and injunctive relief under that statute.

12  Venue is proper under 28 U.S.C. § 1391(b) because Hyland's sent or caused to be

13  sent fax advertising in violation of the JFPA and FCC regulations and § 17538.43(b)

14  from and to this judicial district, including to Plaintiff.

15

16                                     **The Parties**

17

18    4.    **Individual Plaintiff/Class Representative.**  Plaintiff Edward Simon,

19  DC, is, and at all times relevant hereto was, a chiropractor, doing business within

20  this judicial district at premises located in North Hollywood, and the subscriber of

21  the facsimile telephone number (818-761-8705) to which junk faxes, including as

22  attached hereto as Exhibit 1, were sent, or caused to be sent, by Hyland's.

23

24    5.    **Defendant Hyland's Inc.**  Plaintiff is informed and believes, and upon

25  such information and belief avers, that Hyland's is, and at all times relevant hereto

26  was, a corporation organized and existing under the laws of the state of California,

27  with its principal place of business located within this judicial district.  Plaintiff is

28

-3-

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1   further informed and believes, and upon such information and belief avers, that

2   Hyland's markets and sells homeopathic products, including, but not limited to,

3   "Hyland's Calms Forte," on a nationwide basis.

4

5   <center>**JFPA's Prohibition Against Junk Faxing**</center>

6

7       6.      By the early 1990s, advertisers had exploited facsimile telephone

8   technology to blanket the country with junk fax advertisements.  This practice

9   imposed tremendous disruption, annoyance, and cost on American consumers and

10  businesses.  Among other things, junk faxes tie up recipients' telephone lines and

11  facsimile machines, misappropriate and convert recipients' fax paper and toner, and

12  require recipients to sort through faxes to separate legitimate faxes from junk faxes,

13  and to discard the latter.  Congress responded to the problem by passing the TCPA.

14  The law was enacted to eradicate "the explosive growth in unsolicited facsimile

15  advertising, or 'junk fax.'"  H.R. Rep. No. 102-317 (1991).

16

17      7.      In the decade following the law's enactment, however, American

18  consumers and businesses continued to be "besieged" by junk faxes because

19  advertiser refused to honor requests by recipients to stop.  FCC, Report and Order

20  on Reconsideration of Rules and Regulations Implementing the TCPA of 1991, 29

21  Comm. Reg. 830 ¶ 186 (2003).  Congress responded by strengthening the law

22  through the JFPA.  The JFPA, for the first time, required senders to disclose in their

23  faxes that recipients have the right to stop future faxes and to explain how they can

24  exercise that right (hereinafter collectively the "Opt-Out Notice Requirements").

25  § (b)(1)(C)(iii), (b)(2)(D), (b)(2)(E), (d)(2); 47 C.F.R. § 64.1200(a)(4)(iii)-(vi).

26

27

28

<center>-4-</center>

<center>FIRST AMENDED COMPLAINT – CLASS ACTION</center>

**California's Prohibition Against Junk Faxing**

8.       California has its own anti-junk faxing law contained in California Business & Professions Code § 17538.43.[1]  The law prohibits a person or entity located within California from sending, or causing another to send, "unsolicited advertisements" including, but not limited to, to recipients located within California. *Id.* § (a)(2), (b)(1).  The sole statutory defense available under the law is "prior express invitation or permission." *Id.* § (a)(2).   The minimum statutory damages under § 17538.43 are $500 per violation and such damages may be increased in an amount not more than three times in the event of a defendant willfully or knowingly violates the statute.  § (b)(2).  The remedies under § 17538.43 are cumulative with the remedies available under the JFPA.  *Id.* § (b)(2).

**Hyland's' Junk Fax Program**

9.       Plaintiff is informed and believes, and upon such information and belief avers, that the faxes at issue, including Exhibit 1, were designed as, intended as, and constituted advertisements under the JFPA within the four corners of such faxes and as part of Defendant's overall marketing and promotional activities.  The faxes at issue were sent or caused to be sent by Hyland's.

10.       Plaintiff did not give Hyland's prior express invitation or permission as defined in the JFPA (§ (a)(5)) and § 17538.43(a)(2) to send Exhibit 1 to this Complaint or any other junk faxes.  Plaintiff is informed and believes, and upon

---

[1]       As used herein, § 17538.43 refers to this provision of the California Business & Profession Code.

LAW OFFICES OF SCOTT Z. ZIMMERMANN

FIRST AMENDED COMPLAINT – CLASS ACTION

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1  such information and belief avers, that Hyland's blasted Exhibit 1 and other junk

2  faxes without obtaining prior express invitation or permission from other recipients.

3  In sending these faxes, Hyland's also failed to include the disclosures required by

4  the Opt-Out Notice Requirements, in further violation of the JFPA and FCC

5  regulations.

6

7  <div align="center">**Class Action Allegations**</div>

8

9  11.  **Statutory Reference.** This action is properly maintainable as a class

10 action because (a) all prerequisites of rule 23(a) are satisfied; (b) prosecution of

11 separate actions by one or more individual members of the class would create a risk

12 of inconsistent or varying adjudications with respect to individual members of the

13 class and would establish incompatible standards of conduct for Hyland's, in the

14 manner contemplated by rule 23(b)(1)(A); (c) Hyland's has acted on grounds that

15 apply generally to the class, so that final injunctive relief is appropriate respecting

16 the class as a whole, as contemplated by rule 23(b)(2); and (d) questions of law or

17 fact common to the members of the class predominate over any questions affecting

18 only individual members, if any, and a class action is superior to other available

19 methods for the fair and efficient adjudication of the controversy, as contemplated

20 by rule 23(b)(3).

21

22 12.  **Class Definition.** The Plaintiff Class consists of all persons and

23 entities that were at the time subscribers of telephone numbers to which a facsimile

24 transmission was sent, commencing within four years (with respect to the First

25 Claim for Relief and three years with respect the Second Claim for Relief)

26 preceding the filing of this action, which facsimile transmission discusses, describes,

27 or promotes property, goods or services of Hyland's, including, without limitation,

28

<div align="center">-6-</div>

<div align="center">FIRST AMENDED COMPLAINT – CLASS ACTION</div>

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1   Exhibit 1 to this Complaint ("Plaintiff Class").  Plaintiff reserves the right to amend

2   the class definition following completion of class certification discovery.

3

4        13.     **Class Size/Impracticality of Joinder.**  Plaintiff is informed and

5   believes, and upon such information and belief avers, that the number of persons

6   and entities of the Plaintiff Class is sufficiently numerous such that joinder of all

7   members is impracticable due to the class's size and due to the relatively small

8   potential monetary recovery for each Plaintiff Class member, in comparison to the

9   time and costs associated with joinder in the litigation on an individual basis.

10

11       14.     **Typicality.**  The claims of Plaintiff are typical of the Plaintiff Class as

12  they were sent junk faxes by Hyland's, have claims under the same statute and are

13  entitled to the same statutory damages.

14

15       15.     **Adequacy of Representation.**  The Plaintiff Class will be well

16  represented by Plaintiff and Plaintiff's counsel.  Plaintiff appreciates the

17  responsibilities of a class representative and understands the nature and significance

18  of the claims made in this case.  Plaintiff can fairly and adequately represent and

19  protect the interests of the Plaintiff Class because there is no conflict between his

20  interests and the interests of other class members.  Proposed class counsel has the

21  necessary resources, experience (including extensive experience in litigating junk

22  fax claims and ability to prosecute this case on a class action basis.

23

24       16.     **Common Questions of Law and Fact Are Predominant.** Questions

25  of law and fact common to the class predominate over questions affecting only

26  individual class members.

27

28

-7

LAW OFFICES OF SCOTT Z. ZIMMERMANN

A.    **Common Questions of Fact.**  This case presents numerous questions of fact that are common to all class members claims.  Plaintiff is informed and believes, and upon such information and belief avers, that the case arises out of a common nucleus of facts and that Hyland's has engaged in the same general course of conduct vis-à-vis class members, and all class members' damages arise out of that conduct.

B.    **Common Questions of Law.**  The case presents numerous common questions of law, including, but not limited to:

(1)    whether the faxes at issue are advertisements within the ambit of the JFPA and FCC regulations and/or § 17538.43;

(2)    Did Hyland's send, or cause to be sent, the faxes at issue;

(3)    Defendant's mode and method of obtaining the telephone numbers to which the junk faxes were sent and whether that mode and method complied with the requirements of § (b)(1)(C)(ii) of the Act and FCC regulations;

(4)    whether Hyland's complied with the Opt-Out Notice Requirements of the JFPA and FCCs regulations, and the legal consequences of the failure to comply with those requirements;

(5)    what constitutes a knowing or willful violation within the meaning of § (b)(3) of the Act and/or § 17538.43(b)(2)(C);

FIRST AMENDED COMPLAINT – CLASS ACTION

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1    (6)    whether Hyland's committed knowing and/or willful violations

2    of the JFPA, FCC regulations and/or § 17538.43;

3

4    (7)    whether damages should be increased on account of Defendant's

5    knowing and/or willful violations and, if so, by what amount; and

6

7    (8)    whether injunctive relief as prayed for in the Complaint should

8    be entered.

9

10    17.    **Injunctive Relief Is Appropriate.** Hyland's has acted, and continues

11    to act, on grounds that apply generally to the Plaintiff Class, so that injunctive relief

12    is appropriate with respect to the Plaintiff Class as a whole.

13

14    18.    **Superiority of Class Adjudication.** The action should be maintained

15    as a class action because a class action is superior to other available methods for the

16    fair and efficient adjudication of the controversy:

17

18    A.    Common questions of law and fact, including those identified in

19    paragraph 16, predominate over questions affecting only individual members.

20

21    B.    Prosecuting separate actions by individual class members would

22    create a risk of inconsistent or varying adjudications that would establish

23    incompatible standards of conduct for Hyland's.

24

25    C.    Proof of the claims of Plaintiff will also prove the claims of the

26    Plaintiff Class without the need for separate or individualized proceedings and the

27    statutory damages provided for in the JFPA and § 17538.43 are the same for all

28

FIRST AMENDED COMPLAINT – CLASS ACTION

members of the Plaintiff Class, such that damages can be calculated with mathematical certainty.

D.     Hyland's has acted pursuant to common policies and practices in the same or similar manner with respect to all members of the Plaintiff Class.

E.     Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings in the event individual cases are brought.

F.     A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort and expense.

G.     Most members of the Plaintiff Class are not likely to join or bring an individual action due to, among other reasons, the small amount to be recovered relative to the time, effort and expense necessary to join or bring an individual action.  Because the statutory minimum damage is $500 per violation and the Act and § 17538.43 contain no provision authorizing an award of attorneys' fees to a successful plaintiff, individual action to remedy Defendant's violations of the Act, FCC regulations and/or § 17538.43 would be grossly uneconomical.  As a practical matter, the claims of the vast majority of the Plaintiff Class are not likely to be redressed absent certification.

H.     Equity dictates that all persons who stand to benefit from the relief sought herein should be subject to this action and, hence, subject to an order spreading the costs of litigation among the class members in relationship to the benefits received.

FIRST AMENDED COMPLAINT – CLASS ACTION

LAW OFFICES OF SCOTT Z. ZIMMERMANN

19. **Notice.** Plaintiff contemplates that notice be provided to all class members that can be identified through reasonable effort. Rule 23 requires, and the notice will concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues and defenses; that a class member may enter an appearance through counsel if the member so desires; if the class is certified under rule 23(b)(3), that the Court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under rule 23(c)(3).

## First Claim for Relief for Violations of the JFPA and FCC Regulations

### (Against Defendant Hyland's, Inc.)

20. **Incorporation.** Plaintiff and the Plaintiff Class reassert and re-aver the averments set forth in paragraphs 1 through 19, above.

21. **Defendant's Violations of the Act and FCC Regulations.** Commencing within four years preceding the filing of this action, including, without limitation, on April 24, 2013, Defendant Hyland's violated the JFPA and FCC regulations by, among other things, sending unsolicited advertisements and/or advertisements that violate the Opt-Out Notice Requirements from telephone facsimile machines, computers, or other devices to telephone facsimile machines of Plaintiff and members of the Plaintiff Class within the United States.

LAW OFFICES OF SCOTT Z. ZIMMERMANN

FIRST AMENDED COMPLAINT – CLASS ACTION

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1

22.   Hyland's is a sender of the junk faxes at issue because the faxes were

2   sent on its behalf and because the faxes advertised or promoted Defendant's

3   property, goods or services.

4

5   23.   **Private Right of Action.**  Under § (b)(3) of the Act, Plaintiff has a

6   private right of action to bring this claim for damages and injunctive relief on behalf

7   of himself and on behalf of the Plaintiff Class to redress Defendant's violations of

8   the Act and FCC regulations.

9

10   24.   **Injunctive Relief.**  Plaintiff is entitled have preliminary and permanent

11   injunctions issue to: (1) prohibit Hyland's, its employees, agents, representatives,

12   contractors, affiliates and all persons and entities acting in concert with them, from

13   committing further violations of the Act and FCC regulations, and thereby, among

14   other things, prohibiting Hyland's, its employees, agents, representatives,

15   contractors, affiliates, and all persons and entities acting in concert with them, from

16   sending any unsolicited advertisements via facsimile to any person or entity or

17   sending any advertisements via facsimile that do not comply with the Opt-Out

18   Notice Requirements; (2) require Hyland's to deliver to Plaintiff all records of

19   facsimile advertisements sent commencing within four years of the filing of this

20   action, including all content sent via facsimile, fax lists, and transmission records;

21   (3) require Hyland's to adopt ongoing educational, training and monitoring

22   programs to ensure compliance with the JFPA and FCC regulations, and limiting

23   facsimile advertising activity to personnel who have undergone such training; (4)

24   require Hyland's to provide written notice to all persons and entities to whom

25   Hyland's sent, via facsimile transmission, advertisements in violation the Act and/or

26   FCC regulations, warning such persons and entities that the faxing of unsolicited

27   advertisements or advertisements that do not comply with the Opt-Out Notice

28

FIRST AMENDED COMPLAINT – CLASS ACTION

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1  Requirements violates the JFPA and that they should not be led or encouraged in

2  any way by Defendant's violations of the Act and/or FCC regulations to send

3  advertisements of their own that violate the Act and/or FCC regulations; and (5)

4  require Hyland's to conspicuously place on the homepage of its website(s) the

5  warnings contained in subsection 4 of this paragraph.

6

7       25.    **Damages.**  Plaintiff and members of the Plaintiff Class are entitled to

8  recover statutory damages in the minimum amount of $500 for each violation by

9  Hyland's of the JFPA and/or FCC regulations, as expressly authorized by

10  § (b)(3)(B).  In addition, Plaintiff is informed and believes, and upon such

11  information and belief avers, that Hyland's committed its violations willfully and/or

12  knowingly and that the amount of statutory damages should be increased up to three

13  times, also authorized by § (b)(3)(B).

14

15                    **Second Claim for Relief for Violations of**

16                    **Cal. Bus. & Professions Code § 17538.43**

17

18                    **(Against Defendant Hyland's, Inc.)**

19

20       26.    **Incorporation.**  Plaintiff and the Plaintiff Class reassert and re-aver the

21  averments set forth in paragraphs 1 through 19, above.

22

23       27.    **Defendant's Violations of § 17538.43.**  Commencing within three

24  years preceding the filing of this action, including, without limitation, on April 24,

25  2013, Hyland's, while located within California, violated § 17538.43 by, among

26  other things, sending, or causing another to send, unsolicited advertisements from

27  telephone facsimile machines, computers, or other devices to telephone facsimile

28

-13-

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1  machines of Plaintiff and members of the Plaintiff Class within or without

2  California.

3

4      28.   **Private Right of Action.**  Under § 17538.43(b)(2)(A)-(C), Plaintiff has

5  a private right of action to bring this claim for damages and injunctive relief on

6  behalf of himself and on behalf of the Plaintiff Class to redress Defendant's

7  violations of § 17538.43(b).

8

9      29.   **Injunctive Relief.**  Plaintiff is entitled have preliminary and permanent

10 injunctions issue to: (1) prohibit Hyland's, its employees, agents, representatives,

11 contractors, affiliates and all persons and entities acting in concert with Hyland's,

12 from committing further violations of § 17538.43, and thereby, among other things,

13 prohibiting Hyland's, its employees, agents, representatives, contractors, affiliates,

14 and all persons and entities acting in concert with them, from sending, or causing

15 others to send, any unsolicited advertisements via facsimile within the scope of §

16 17538.42; (2) require Hyland's to deliver to Plaintiff all records of facsimile

17 advertisements sent commencing within three years of the filing of this action,

18 including all content sent via facsimile, fax lists, and transmission records; (3)

19 require Hyland's to adopt ongoing educational, training and monitoring programs to

20 ensure compliance with § 17538.43, and limiting facsimile advertising activity to

21 personnel who have undergone such training; (4) require Hyland's to provide

22 written notice to all persons and entities to whom Hyland's sent or caused to be sent,

23 via facsimile transmission, advertisements in violation § 17538.43, warning such

24 persons and entities that the facsimile transmission of unsolicited advertisements

25 violates § 17538.43 and that they should not be led or encouraged in any way by

26 Defendant's violations of such law to send or cause to send advertisements of their

27

28

-14

FIRST AMENDED COMPLAINT – CLASS ACTION

own that violate such law; and (5) require Hyland's to conspicuously place on the homepage of its websites the warnings contained in subsection 4 of this paragraph.

30.    **Damages.**   Plaintiff and members of the Plaintiff Class are entitled to recover statutory damages in the minimum amount of $500 for each violation by Hyland's of § 17538.43, as expressly authorized by § (b)(2)(B) of that statute.   In addition, Plaintiff is informed and believes, and upon such information and belief avers, that Hyland's committed its violations willfully and/or knowingly and that the amount of statutory damages should be increased up to three times, also authorized by § (b)(2)(C) of that statute.

## Prayer for Relief

WHEREFORE, Plaintiff and the Plaintiff Class pray for judgment against Hyland's, Inc., on the First and Second Claims for Relief:

1.    Certifying classes described in paragraph 12 of the Complaint;

2.    Appointing Plaintiff as class representative, and awarding Plaintiff an incentive award for his efforts as class representative;

3.    Appointing Plaintiff's counsel as class counsel;

4.    Awarding of statutory damages in the amount of $500 for each violation of the Act and/or FCC regulations (First Claim for Relief) and/or § 17538.43 (Second Claim for Relief) and the trebling of such statutory damages, in

FIRST AMENDED COMPLAINT – CLASS ACTION

LAW OFFICES OF SCOTT Z. ZIMMERMANN

1  an amount not less than $1,000,000, exclusive of interest and costs, according to

2  proof;

3

4          5.      Entering preliminary and permanent injunctions requested in paragraph

5  24 of the Complaint (First Claim for Relief) and paragraph 29 of the Complaint

6  (Second Claim for Relief);

7

8          6.      Ordering payment of Plaintiff's costs of litigation, including, without

9  limitation, costs of suit and attorneys' fees, spread among the members of the

10  Plaintiff Class in relation to the benefits received by them;

11

12         7.      Awarding pre-judgment interest; and

13

14         8.      Awarding such other and further relief as the Court shall deem just and

15  proper.

16

17                              **Demand for Jury Trial**

18

19         Plaintiff demands trial by jury on all issues triable by jury.

20

21  DATED: November 13, 2013          Law Offices of Scott Z. Zimmermann
                                                           and
22                                     Payne & Fears LLP

23

24

25  By: _Scott Z. Zimmerman_____

26                                     Scott Z. Zimmermann
                                       Attorneys for Plaintiff Edward Simon, DC,
27                                     and for all others similarly situated

28

FIRST AMENDED COMPLAINT – CLASS ACTION

LAW OFFICES OF SCOTT Z. ZIMMERMANN

# Exhibit 1

04-24-2013 9:46                   303-532-4437              Owner or Manager                    D 1/1



## Hyland's Calms Forte'
## FREE Sample Invitation
### When: May or June 2013

**PLEASE REPLY BY**

*April 30th 2013!*

Hand it to Women invites your facility to participate in an exciting FREE program. Hyland's Calms Forte' would like to provide you with free samples and coupons to share with women at your facility.  Eligible businesses include: Women Only Health Clubs, Jazzercise, Yoga, Pilates, Spas and Chiropractors.

### Participating Facilities Will Receive:
- Hyland's Calms Forte' free samples and coupons
- A table easel
- A manual with suggestions on how to set up the promotion

### All We Ask In Return:
- To share product samples and coupons with customers at your location
- Provide Hand it to Women with feedback (a short online survey)
- Please take photos of the program in 'action'

### To Enroll:
- Call Us - Call Andrea at 303-945-8658
- Email Us - Send an email to marie@handit2.com
  (Please include the information requested below)
- Fax Us - Fill out the information below and fax this form to 303-957-5720



### Hyland's Calms Forte' *

- Natural, safe and effective
- Temporary symptomatic relief of simple nervous tension, stress and sleeplessness
- Homeopathic formulas with the highest quality natural ingredients
- Made according to the Homeopathic Pharmacopoeia of the United States
- Sold at CVS , Target, Walgreens, and other drug stores and supermarkets

\* These claims are based upon traditional homeopathic usage.  They have not been reviewed by the Food and Drug Administration.  For more Information see the following link: http://www.hylands.com

## Facility Information

| | |
|---|---|
| Facility Name | |
| Facility Phone | |
| Facility Email | |
| Facility Address | |
| # of unique customers in your facility over a 2 week period | |

## Your Information

| | |
|---|---|
| Your Name | |
| Your Title | |
| Your Phone | |
| Your Email | |

**Hand it to Women**

Handit2 Network | 8692 Gray Fox Drive | Evergreen, CO 80439 | 303-945-8658 phone| 303-957-5720 fax

------ Hyland's Calms Forte' ------

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; I am employed by the Law Offices of Scott Z. Zimmermann, and my business address is 601 S. Figueroa Street, Suite 2610, Los Angeles, CA 90017.

      On November 13, 2013, I served the documents described as *First Amended Complaint* on the interested parties in this action by placing a true copy thereof in sealed envelope(s) addressed as follows:

<div align="center">SEE ATTACHED SERVICE LIST</div>

      ☑ (By Mail) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

      ☑ (By Electronic/E-Mail Delivery) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. (COURTESY COPIES)

      ☑ (Federal) I declare that I am employed by a member of the bar of this court at whose direction the service was made.

      Executed November 13, 2013, at Los Angeles, California.

<div align="right">Colleen R. Doubroff</div>

<div align="center">PROOF OF SERVICE</div>

## SERVICE LIST

| | |
|---|---|
| Tami S. Smason [SBN 120213]<br>tsmason@foley.com<br>Archana R. Acharya [SBN 272989]<br>aacharya@foley.com<br>FOLEY & LARDNER LLP<br>555 S. Flower Street<br>Suite 3500<br>Los Angeles, CA  90071-2411<br>Telephone:  (213) 972-4500<br>Facsimile:   (213) 486-0065 | Attorneys for Defendants HYLAND'S INC. and STANDARD HOMEOPATHIC COMPANY |
| Robin A. Webb [SBN 160494]<br>raw@ggb-law.com<br>GRANT, GENOVESE & BARATTA, LLP<br>2030 Main Street<br>Suite 1600<br>Irvine, CA  92614<br>Telephone:  (949) 660-1600<br>Fax:  (949) 660-6060 | Attorneys for Defendant HANDIT2 NETWORK, LLC |

-2-